UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-115-H

EMILY KARRER                                                                                  PLAINTIFF

V.

MAC'S CONVENIENCE STORES, LLC
d/b/a CIRCLE K MIDWEST AND CIRCLE K
and,
CIRCLE K                                                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Emily Karrer ("Plaintiff") filed suit against Mac's Convenience Stores, LLC, d/b/a/ Circle K Midwest and Circle K ("Defendant"), alleging that she suffered injuries due to the unsafe condition of Defendant's premises and due to inadequate warnings concerning the condition of those premises. Defendant has moved for summary judgment on the grounds that it exercised reasonable care in the maintenance of the premises and by providing adequate warnings about the condition of the premises.

I.

Plaintiff's claim arises out of a slip-and-fall that she suffered in one of Defendant's stores in Mount Washington, Kentucky. It was a wet day outside, creating slippery conditions within Defendant's store. Prior to Plaintiff arriving at the store, Defendant placed a floor mat directly outside the front entrance to the store, and another mat directly inside the front entrance. Defendant also placed two caution signs in the front of the store, on either side of the indoor floor mat. Bobbie Floyd, Defendant's employee, was also mopping the interior of the store in an

effort to combat the slippery conditions.

Plaintiff walked into the store through the front entrance, passing the indoor floor mat and the caution signs. Plaintiff claims that while she noticed the indoor floor mat, she did not notice either of the caution signs. After walking by the floor mat and caution signs, Plaintiff immediately turned right and headed down an aisle. At the end of the aisle was an open area and a display containing soft drinks that Plaintiff intended to purchase. At approximately the moment when Plaintiff reached the end of the aisle and the front of the display, she slipped and fell. After Plaintiff fell, she noticed that the floor was wet where she had fallen because her hands and pants were wet. Bobbie Floyd, who witnessed the fall and claims that she mopped the area where Plaintiff fell moments before the fall, said that she warned Plaintiff to be careful. Plaintiff claims that she heard no such warning.

## II.

Summary Judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c)*. A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the non-moving party." *Little v. BP Exploration & Oil Co.*, 265 F.3d, 357, 361 (6th Cir. 2001).

## III.

Both parties agree that Plaintiff was an invitee. Where an invitee establishes that a foreign substance on the proprietor's premises was a substantial factor in causing her injury, under Kentucky law, the proprietor owes the invitee the duty to exercise reasonable care to

2

discover the dangerous condition and to correct it or warn invitees about its existence. *Lanier v. Wal-Mart Store, Inc.*, 99 S.W.3d 431, 435-437 (Ky. 2003). An invitee has the initial burden of proving that a foreign substance or object on the floor was a substantial factor in causing his accident and injury. *Id.* at 435. Satisfying this initial burden imposes a rebuttable presumption of negligence "that shifts the burden of proving the absence of negligence, i.e., the exercise of reasonable care, to the [proprietor]." *Id.* at 437. Plaintiff's own testimony and the known circumstances of the case easily meet this initial burden.

The proprietor can rebut the presumption of negligence with evidence that he used "reasonable care under the circumstances to discover the foreseeable dangerous condition and to correct it or to warn customers of its existence." *Id.* (citing *Safeway Stores Inc. v. Smith*, 658 P.2d 255, 258 (Colo. 1983)). Defendant has made a strong case: it addressed the potential dangers by taking substantial steps to correct the potential hazard and to warn its patrons. Defendant's employee, Bobbie Floyd, was mopping nearby when Plaintiff slipped and had mopped the exact area where Plaintiff fell only moments before. Moreover, the jury might well believe Ms. Floyd that she warned Plaintiff about the wet conditions in the area. Finally, Defendant placed mats and caution signs at the front entrance of the store.

It is important to note that the circumstances of this accident are different from most other "slip and fall" cases. Here, Defendant knew of the dangerous condition. While Defendant is not bound to ensure the safety of its invitees, a reasonable jury could find that Defendant should have done more to warn its invitees of the dangerous condition.[1]  Even under an "open

---

[1] For instance, a jury could find that Defendant should have placed caution signs and floor mats in all areas that were known to be dangerously wet. Furthermore, Plaintiff says that she never saw the caution signs. A jury might believe that the signs were insufficiently prominent in their size and placement. Judge Thomas Russell applied this same type of analysis in a "known danger" case several years ago when denying a similar motion. *See*

3

and obvious condition" analysis, which would free Defendant of all liability, the testimony permits an inference that the condition was neither open nor obvious or that Defendant should have anticipated the harm. *See Restatement (Second) of Torts § 343A*; *Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364, 367-368 (Ky. 2005).

This is a close case on summary judgment because Defendant did recognize the danger and took steps to alleviate it. However, the conflicting evidence permits the inference that Defendant did not go far enough to correct the known dangerous condition or to warn its customers of the condition.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED. This case remains set for a jury trial on October 13, 2010.

cc: Counsel of Record

---

*Mitchell, et al. v. Flying J Inc.*, No. 5:06-CV-73-R, 2007 U.S. Dist. LEXIS 47579, at *11-14 (W.D. Ky. June 27, 2007).